IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARDY KEOLAMA AH PUCK, JR., | CIVIL NO. 20-00565 JAO-KJM |
| Plaintiff, | |
| vs. | ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE |
| THE FEDERAL GOVERNMENT OF THE UNITED STATES; INTERNAL REVENUE SERVICE; U.S. DEPARTMENT OF TREASURY, | |
| Defendants. | |

ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP
APPLICATION WITHOUT PREJUDICE

Before the Court is pro se Plaintiff Hardy Keolama Ah Puck, Jr.'s

("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or

"Application") filed on December 21, 2020.  For the following reasons, the Court

DISMISSES the Complaint with partial leave to amend and DENIES WITHOUT

PREJUDICE the IFP Application.  ECF No. 2.

BACKGROUND

It appears that Plaintiff seeks to reopen a prior action or actions.[1] *See* Compl. at 1 ("Reason the case is being filed in Federal Courts – To Reopen My Claims, ASAP."); *see also id.* at 2 ("So now I'm filing my Lawsuit to be Re open cause of the collor [sic] of law in the Constitution and in the Lower Courts."). Consistent with one of his prior actions, Plaintiff references Act 156. *Id.* at 1.  He also cites Act 143 and alleges that neither the State nor federal government is providing him with assistance for his purported disabilities. *Id.* at 1–2.  At bottom, Plaintiff requests, as he has before, that he be exonerated of all charges and paid. *Id.* at 2.

DISCUSSION

I.    Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis.  A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action:  (1) is frivolous or

---

[1]  Plaintiff has previously filed multiple actions in this district:  Civil No. 17-00173 DKW-KJM, *Ah Puck v. Hawaii*; Civil No. 17-00154 DKW-KJM, *Ah Puck v. Hirayasu, et. al.*; Civil No. 19-00119 HG-RT, *Ah Puck v. Jones et al.*; Civil No. 19-00120 DKW-WRP, *Ah Puck v. Hawaii*; Civil No. 19-00636 SOM-KJM, *Ah Puck, Jr. v. Lahaina Police Dep't.*

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)-(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "[A] complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate.  Plaintiff cites Act 156, which appears to be a reference to Hawai'i Revised Statutes ("HRS") Chapter 661B.  HRS § 661B-1 provides:

> (b) To present an actionable claim against the State for wrongful conviction and imprisonment, the petitioner shall allege that the petitioner was convicted of one or more crimes under the laws of the State, was subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence and either that:
>
> (1) The judgment of conviction was reversed or vacated because the petitioner was actually innocent of the crimes for which the petitioner was convicted, and the court decision so states; or
>
> (2) The petitioner was pardoned because the petitioner was actually innocent of the crimes for which the petitioner was convicted and the pardon so states.

Haw. Rev. Stat. § 661B-1.  Petitions under this chapter must be "filed in the circuit court of the circuit in which the petitioner lives, or if the petitioner lives outside the State, in the circuit court of the first circuit."  Haw. Rev. Stat. § 661B-2. Moreover, "[t]he petitioner shall serve the petition upon the attorney general, and if the prosecuting authority was other than the attorney general, upon the prosecuting authority."  *Id.*  Based on the plain statutory authority arguably relied upon by Plaintiff, he does not satisfy the requisite elements, this court is the improper venue, and he has named improper Defendants.  Accordingly, to the extent Plaintiff asserts a claim pursuant to HRS Chapter 661B, it is DISMISSED. Because amendment would be futile, the Court declines to grant leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (citations omitted). Plaintiff *may not* reassert this claim in an amended pleading.

Plaintiff also references malicious prosecution in connection with Act 143,[2] which is a state law tort claim.  *See Wong v. Cayetano*, 111 Hawai‘i 462, 478, 143 P.3d 1, 17 (2006), *as corrected* (Aug. 29, 2006).  A malicious prosecution claim requires three elements: "(1) the prior proceedings must have been terminated in the plaintiff's favor; (2) the prior proceedings must have been initiated without probable cause; and (3) the prior proceedings must have been initiated with malice."  *Id.* (citation omitted).  Plaintiff has not alleged any facts to satisfy these

---

[2]  It is unclear what authority Plaintiff relies upon with respect to Act 143.

elements.  Nor has he named the proper Defendants if he is challenging state criminal prosecutions.

Additionally, to the extent Plaintiff's claim may be construed as an attempt to recover damages for an unconstitutional conviction or imprisonment, it is likely barred by *Heck v. Humphry*, 512 U.S. 477, 486–87 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* (footnote omitted).  Plaintiff has not alleged that the convictions or sentences at issue in this litigation were invalidated or reversed.[3]  Therefore, this claim must be dismissed.  Given the lack of pertinent allegations, the Court will authorize amendment to allow Plaintiff an opportunity to provide necessary information.

---

[3]  Plaintiff cites 2DCC-20-001470 but clearly takes issues with other cases that he has not identified.  The Court is doubtful that Plaintiff has obtained this relief because he would not likely be here if he had.

However, Plaintiff is cautioned that to state a claim, he *must* at a minimum allege facts satisfying the three elements articulated in *Wong v. Cayetano* and/or demonstrate that the convictions/sentences he challenges were invalidated or reversed.  He must also identify proper Defendants.  Failure to do so will result in the dismissal with prejudice of this claim.

Plaintiff baldly alleges that the federal government and the State have not provided him with assistance.  But he has not explained why he is entitled to assistance from Defendants, nor that he sought and was denied assistance.  Accordingly, the Court DISMISSES this claim.  Because it is possible that amendment could save this claim, the Court grants Plaintiff leave to amend.

Finally, to the extent Plaintiff seeks to reopen prior proceedings, such a request is improper in this action.  Requests to reopen proceedings should be submitted in the relevant cases.  Plaintiff should not include such requests in an amended pleading.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by **February 3, 2021**, and must cure the deficiencies identified above.  Moreover, Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  Local Rule 10.4.  As a general rule, an amended

7

complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived.  *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

II.    IFP Applications

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'"  *Id.* (citation omitted).

Plaintiff signed his IFP Application on October 27, 2020 and represents that he is being held at the Maui County Correctional Center.  His assertion regarding incarceration contradicts his Complaint, which states that he "just got out of jail for the last time."  Compl at 2.  In addition, he represents that he is self-employed and

identified land deals as a source of income yet claimed to receive zero income in the past 12 months. The untimeliness of his representations and inconsistences preclude the Court from determining whether he qualifies for IFP status. Consequently, the Court DENIES the IFP Application without prejudice. If Plaintiff elects to file an amended pleading, he must file an IFP Application that fully and accurately responds to all questions *or* he must pay the applicable filing fee. If he fails to do so, this action will be automatically dismissed.

## CONCLUSION

In accordance with the foregoing, Court: (1) DISMISSES the Complaint with leave to amend as permitted herein and (2) DENIES without prejudice the IFP Application. ECF No. 2. If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1)     The deadline to file an amended complaint is **February 3, 2021**;

(2)     The amended complaint should be titled "First Amended Complaint";

(3)     Plaintiff must cure the deficiencies identified above; and

(4)     Plaintiff may not add new claims without leave of court. Any amendments must be limited to the claims asserted, if legally sound.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order *and* concurrently file an IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, January 4, 2021.



Jill A. Otake
United States District Judge

Civil No. 20-00565 JAO-KJM; *Ah Puck v. The Federal Govt. of the United States, et al.*; ORDER (1) DISMISSING
COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE