IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARDY KEOLAMA AH PUCK, JR., <br><br>Plaintiff, <br><br>vs. <br><br>THE FEDERAL GOVERNMENT OF THE UNITED STATES; INTERNAL REVENUE SERVICE; U.S. DEPARTMENT OF TREASURY, <br><br>Defendants. | CIVIL NO. 20-00565 JAO-KJM <br><br>ORDER DISMISSING ACTION |

ORDER DISMISSING ACTION

Pro se Plaintiff Hardy Keolama Ah Puck, Jr. ("Plaintiff") commenced this action on December 21, 2020. On January 4, 2021, the Court issued an Order (1) Dismissing Complaint; (2) Denying IFP Application Without Prejudice ("Order"). ECF No. 6. The Court imposed a deadline of February 3, 2021 to file an amended complaint and file an IFP Application or submit the filing fee. *Id.* at 9. The Court cautioned that failure to do so would result in the automatic dismissal of the action. *Id.*

On February 2, 2021, Plaintiff filed a Request for Extension of Time, seeking a two-week extension of the deadline to file an amended complaint. ECF

No. 11. He also filed an IFP Application. ECF No. 12. On February 3, 2021, the Court granted Plaintiff's Request for Extension of Time, and extended the deadline to file an amended complaint to February 17, 2021.[1]

To date, Plaintiff has not filed an amended complaint. Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291

---

[1] The Court notes that in the past month, Plaintiff has filed two notices of change of address, which has caused the Court to resend multiple documents in an abundance of caution and/or because they were returned as undeliverable. The Court's Entering Order extending the deadline to file an amended complaint was mailed one week prior to Plaintiff's most recent notice of change of address and it has yet to be returned as undeliverable. It was also resent to Plaintiff's current address on February 10, 2021.

F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules.  Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the Court's Order, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action.  The public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket.  *Id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendants, as they have yet to be served.  Finally, there are no less drastic alternatives available at this time.  This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, February 22, 2021.



Jill A. Otake
United States District Judge

Civil No. 20-00565 JAO-KJM; *Ah Puck v. The Federal Govt. of the United States, et al.*; ORDER DISMISSING ACTION